IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THEODORA DEMETRALIS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9862 |
| | ) |
| **GENERAL MOTORS LLC**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Theodora Demetralis ("Demetralis") has invoked diversity-of-citizenship jurisdiction to sue a group of General Motors affiliated companies -- General Motors LLC, General Motors Company, General Motors Holdings LLC and GM LLC[1] -- because an allegedly defective ignition switch in her 2012 Chevrolet Cruze assertedly caused a serious accident that injured Demetralis severely. This memorandum opinion and order is issued sua sponte because of some problematic aspects of Demetralis' Complaint.

It should made clear at the outset, however, that nothing said here raises any substantive issues as to Demetralis' claim. As always, her well-pleaded allegations in that respect are accepted as true for present purposes.

Instead one problem is posed by her jurisdictional allegations. As the first paragraph of this memorandum opinion and order reflects, three of Demetralis' targets are limited liability companies, and the references in Complaint ¶¶ 3 and 4 to the members and owners of two of

---

[1] Although the case caption lists the last-named defendant simply as "GM," Complaint ¶ 5 identifies it as "GM LLC."

those companies reflect her counsel's awareness of the well-established principle that the citizenship of a limited liability company for diversity purposes is that of all its members, not that of the company itself (see, e.g., the reiteration of that principle in <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006)).  But in spite of that awareness, Demetralis' counsel has committed two errors, one of them harmless and the other not.

As for the harmless (but frankly not understandable) error, as to each of General Motors LLC (Complaint ¶ 2) and General Motors Holdings LLC (Complaint ¶ 3) the Complaint follows jurisdictionally irrelevant allegations as to the state of the LLC's formation (Delaware) and its principal place of business (Michigan) with the incorrect follow-up allegation that the LLC "is a citizen of the States of Delaware and Michigan."  As stated earlier, that is simply wrong, and that allegation must be and is stricken.

More serious, and indeed fatal in jurisdictional terms, is the total failure in Complaint ¶ 5 to identify the members of defendant GM LLC.  That failure equates to a failure to allege the total diversity required to establish federal jurisdiction, and the caselaw teaches that is a ground for dismissal of the Complaint.

Before this memorandum opinion and order returns to that subject, though, there is another material problem with the Complaint:  Its introductory paragraph collectivizes the four defendants as "General Motors," and all of the Complaint's ensuing substantive paragraphs impermissibly speak of "General Motors" as having committed the asserted tortious acts that caused great harm to Demetralis.  But tort liability is individual in nature -- for example, if as its name suggests General Motors Holdings LLC is in fact just a holding company, the negligence of its subsidiary General Motors LLC would not render the holding company liable for that negligence.

So Demetralis' counsel cannot properly lump the defendants together as he has. Hence the Complaint is dismissed without prejudice.[2] Leave is granted to file an Amended Complaint on or before November 15, 2016 (with a courtesy copy to be delivered to this Court's chambers), and if the Amended Complaint has cleaned up matters appropriately this Court would anticipate then issuing its customary initial scheduling order.

One last point: It would seem quite unfair for client Demetralis to bear the costs of correcting her counsel's mistakes. So no charge may be made to Demetralis by her counsel for the added work and expense incurred in correcting counsel's errors. Demetralis' counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as a purely informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 25, 2016

---

[2] Although the jurisdictional defect identified earlier would, under our Court of Appeals' teaching, call for outright dismissal of the action, this Court will give counsel a second chance to correct his obviously unintended mistake (which would seem to be curable).